**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

PAUL SALAS, Sr.,

Petitioner,

vs.

DAVID RUNNELS, Warden, et al.,

Respondents.

2:04-cv-2550-GEB-CMK-P

ORDER DENYING MOTION FOR RECONSIDERATION

_______________________________/

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is a motion for reconsideration of the court's July 13, 2007 and August 30, 2007 orders.[1] Petitioner did not file objections to the magistrate judge's findings and recommendations.[2] The court construes this request as a motion under Federal Rules of Civil Procedure 60(b).

/ / /

[1] The court's July 13, 2007 order was the magistrate judge's findings and recommendations (Doc. 11). The August 30, 2007 order was the district judge's order adopting the findings and recommendations (Doc. 14).

[2] The court does take notice that petitioner was in administrative segregation during the time to file objections.

Rule 60(b) allows the court to relieve a party from a final judgment for limited reasons, including: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b). In this case, petitioner does not set forth any claims to justify granting relief from the judgement under Rule 60(b). Petitioner does not make any claims sufficient to find mistake, inadvertence, surprise or excusable neglect, he does not raise any newly discovered evidence or fraud, nor does he claim the judgment is void or the judgment has been satisfied. The court does not find there are any other reasons justifying relief from the judgment. As discussed in the findings and recommendations, petitioner failed to establish that his Fourth Amendment claims were not fully and fairly considered in state court.

However, petitioner's motion raises the issue that the court erred when it recommended petitioner's case for dismissal based on failure to exhaust. The court, in reviewing the file, notes that the findings and recommendations issued July 12, 2007 does not recommend the case be dismissed for failure to exhaust state court remedies. Instead, the findings and recommendations recommend the case be dismissed for petitioner's failure to establish his Fourth Amendment claims were not fully and fairly considered in state court pursuant to Stone v. Powell, 428, U.S. 465 (1976). However, the order issued August 30, 2007 does state that petitioner's case is dismissed for failure to exhaust.

Rule 60(a) allows the court to correct any clerical mistakes in judgments, order or to other parts of the record at any time. Accordingly, under Rule 60(a), the court will correct the August 30, 2007 order to reflect that this case was dismissed pursuant to Stone v. Powell.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for reconsideration (Doc. 16) is denied;

2. The order (Doc. 14) dated August 30, 2007 is corrected to reflect this case was dismissed under Stone v. Powell for failure to establish petitioner's Fourth Amendment claims were not fully and fairly considered in state court, not for failure to exhaust state court remedies;

3. The magistrate judge's July 13, 2007 findings and recommendations (Doc. 11) are adopted in full;

4. The judgment entered August 30, 2007 is affirmed; and

5. This case remains closed.

September 27, 2007

GARLAND E. BURRELL, JR.
United States District Judge